# JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax

October 10, 2025

BIANCA M. OLIVADOTI
DIRECT DIAL: 908-795-5212
E-MAIL ADDRESS: BIANCA.OLIVADOTI@JACKSONLEWIS.COM

ANNABEL STANLEY
DIRECT DIAL: 212-545-4029
E-MAIL ADDRESS: ANNABEL.STANLEY@JACKSONLEWIS.COM

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Southern District Court of New York
500 Pearl Street, Room 1670
New York, New York 10007

> The Court is in receipt of Defendants' letter motion for a discovery conference (Dkt. No. 15 (the "Motion")) and Plaintiff's response. (Dkt. No. 16 (the "Response")). In light of the Response, the Motion is **DENIED** without prejudice. The parties are **ORDERED** to meet and confer regarding the Motion and file a joint letter setting forth the status of discovery by **October 28, 2025**.
>
> The Clerk of Court is respectfully directed to close Dkt. No. 15.
>
> SO ORDERED.   October 14, 2025
>
> /s/ Sarah L. Cave
> SARAH L. CAVE
> United States Magistrate Judge

Re:   **Enholm. v. Balenciaga America, Inc., et al.**
      **25-CV-1828 (VSB) (SLC)**

Dear Judge Cave,

   We represent Defendants Balenciaga America, Inc., Kering Americas, Inc., Fabio Rizza, and Vira Capeci (collectively, "Defendants") in the above-referenced case. Consistent with Your Honor's Individual Practices II(C), Defendants write to request a conference regarding an ongoing discovery dispute that the Parties have been unable to resolve without Court intervention.

   As the Court is aware, the parties have scheduled mediation for October 27, 2025. Although Dkt. No. 14 requires the parties to file a joint letter by no later than November 3, 2025 apprising the court of the status of settlement negotiations, Defendants, in an effort to make best use of the October 27th Court-ordered mediation, write to respectfully inform the Court of Plaintiff Kyle Enholm's ("Plaintiff") ongoing noncompliance with the Pilot Discovery Protocols for Counseled Employment Cases. Unfortunately, Plaintiff refuses even to commit to a date by which she will (belatedly) tender the required documents and information, which are critical to accurately assess this case for potential resolution, and which notably include, among other things, "any documents the plaintiff sent or received concerning the defendant's [termination] decision"; "any requests for accommodation and responses to such requests"; "any documents demonstrating the plaintiff's efforts to obtain other employment"; "any application for disability benefits or unemployment benefits after the alleged adverse action and documents sufficient to show any award"; and "a description of the categories and amounts of damages for the plaintiff's claims."

   As pertinent background, on July 28, 2025, Defendants filed their Answer to Plaintiff's Complaint (Dkt. No. 7). On July 29, 2025, the Court referred the instant case to mediation and

**JacksonLewis**

Hon. Sara L. Cave
October 10, 2025
Page 2

ordered the parties to produce, within thirty days of Defendants' Answer, the information specified in the Pilot Discovery Protocols for Counseled Employment Cases (Dkt. No. 10). Accordingly, the parties were required to produce the required documents and information by no later than **August 28, 2025**. Defendants complied with that deadline; however, Plaintiff did not.

On September 9, 2025, Defendants' counsel sent Plaintiff's counsel an email asking when Defendants could expect Plaintiff's production pursuant to Dkt. No. 10. (See September 26, 2025 E-mail Chain, attached hereto as Exhibit A). Plaintiff's counsel did not respond until September 15, claiming only that he would "look into it and get back to [Defendants' counsel] this week." (See id.). However, Plaintiff's counsel did not provide an answer that week – or at any time since.

On September 18, 2025, from approximately 10:00 AM until 10:15 AM, the parties' counsel attended an initial call with the court-appointed mediator. In attendance was Plaintiff's Counsel, Zachary Holzberg, the Court-appointed mediator, Neil Zipkin, and the undersigned. During that call, upon learning that Plaintiff still had not complied with her initial discovery obligations under the Pilot Discovery Protocols, the mediator asked Plaintiff's counsel if he could commit to a reasonable deadline for production. Astoundingly, Plaintiff's counsel advised that he was unable to do so at that time (twenty days after the production deadline), specifically indicating that he could not "commit to a date" by which he would be able to comply with the Court's order.

On September 26, 2025, after the telephone conference, Defendants' counsel again sent Plaintiff's counsel an email to follow up on the status of Plaintiff's long-overdue production. (See Exhibit A). In that correspondence, Defendants' counsel advised that Plaintiff's failure to comply by October 6, 2025 (twenty-one days in advance of the scheduled mediation) would leave Defendants with little choice but to request the Court's assistance in securing Plaintiff's mandatory production sufficiently in advance of the October 27th mediation. (See id.). However, Plaintiff's counsel did not respond to this effort to avoid Court intervention.

Finally, on October 9, 2025, as one last effort to resolve this dispute without the Court's involvement, Defendants' counsel called Plaintiff's counsel and left a voicemail, which said if Defendants did not receive Plaintiff's production by October 10, 2025 at 12:00 PM, they would be seeking the Court's assistance with this matter. Plaintiff did not make any production in response.

Based on the foregoing, Defendants respectfully request the Court's assistance in securing Plaintiff's compliance with her discovery obligations under the Pilot Discovery Protocols sufficiently in advance of the scheduled October 27th mediation.

We thank the Court for its attention to this matter.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s Bianca Olivadoti
Bianca Olivadoti, Esq.

JacksonLewis

Hon. Sara L. Cave
October 10, 2025
Page 3

Annabel Stanley, Esq.

Enclosures

4906-9213-8864, v. 3